Glenn R. Kantor – State Bar No. 122643
 E-mail: gkantor@kantorlaw.net
Alan Kassan – State Bar No. 113864
 E-mail: akassan@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
CYNTHIA ASELTINE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA ASELTINE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>　　　　Defendant. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Cynthia Aseltine herein sets forth the allegations of her Complaint against Defendant The Lincoln National Life Insurance Company.

**PRELIMINARY ALLEGATIONS**

1.　"Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action

1. involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to, payment of the correct amount of benefits due her under her employer's benefit plan, prejudgment and post-judgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

2. Plaintiff was an employee of Wells Fargo & Company at the time that her disability claim arose under the Wells Fargo & Company Long-Term Disability Plan ("the Plan"), which is insured and administered by Defendant. The Plan was administered, and the breach took place, in part, in Sacramento, California.

3. Defendant The Lincoln National Life Insurance Company ("Lincoln") is a corporation with its principal place of business in the State of Indiana, authorized to transact and transacting business in the Eastern District of California and can be found in the Eastern District of California.

4. Lincoln is the insurer of benefits under the Plan, Policy Number GF3-850-289424-01 (the "Policy") and acted in the capacity of the Plan insurer. The Plan Sponsor was Wells Fargo & Company.

5. Plaintiff is informed and believes that the Policy was issued under the Plan with the intent to provide long term disability ("LTD") coverage to residents of the State of California.

**FIRST CLAIM FOR RELIEF**
**(29 U.S.C. § 1132(a)(1)(B))**

6. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, Plaintiff was employed by Wells Fargo & Company, and was a covered participant under the terms and conditions of the Plan.

8. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Plan. Specifically, while Plaintiff was covered under the Plan, Plaintiff became unable to perform her job duties as a customer service representative because she was diagnosed with Stage IIIA breast cancer that required, amongst other things, invasive surgery in the form of a radical left mastectomy and axially lymph node dissection, adjuvant chemotherapy and radiation. After completing chemotherapy, she underwent several radiation therapies through January 2019. In December 2019, Ms. Aseltine underwent left breast reconstruction with tissue expander and harvest of abdominal tissues. Ms. Aseltine was left with severe peripheral neuropathy, lymphedema/swelling in both arms and hands which requires her to wear compression garments daily on her arms and hands, brain fog, fatigue, and significant loss of strength and endurance. Compounding her medical challenges, Ms. Aseltine's medical history is significant for Type II Diabetes Mellitus, Hyperlipidemia, Obesity, Anemia, Asthma, Dequervains Tenosynovitis (a painful condition affecting the tendons on the thumb side of the wrist and aggravated by repetitive hand or wrist movements) and left elbow ulnar nerve entrapment, for which she underwent surgery in June 2019. She also suffers from chronic kidney stones.

9. Despite her myriad medical problems, Ms. Aseltine was motivated to try to return to work and remain productive. After further surgeries related to her breast cancer, she attempted to return to work in or around August 2020. Unfortunately, she soon discovered that she was not physically or mentally able to meet the demands of her occupation. For example, her continuing fatigue and lack of endurance made it impossible to put in the hours of work expected of her job. Her short-term memory issues, chronic pain, general brain fog, and persistent fatigue made it impossible to perform the mental demands of her job. Her peripheral neuropathy made it impossible to type and keyboard, while the persistent lymphedema/swelling in her arm, hands and feet caused constant pain and further

contributed to her inability to concentrate. Unfortunately, she did not have the abilities to continue working and left work again in November 2020.

10. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Lincoln for LTD benefits under the Plan. Lincoln assigned Plaintiff Claim No.: 8550076 for LTD benefits. Lincoln initially approved Plaintiff's claim under the "own occupation" standard of disability and approved benefits commencing January 3, 2019. However, in February 2021, Lincoln terminated her LTD benefits without any credible evidence that Ms. Aseltine could perform the material and substantial duties of any occupation she is reasonably fitted for by training, education, experience, age, physical and mental capacity. Lincoln refused to pay benefits beyond April 10, 2021.

11. Lincoln based its benefit termination on a medical document "peer review" report by a Dr. Michael Co, and on a Transferable Skills Analysis performed by Jason Miller. In December 2020, Dr. Co acknowledged Ms. Aseltine's myriad medical problems and acknowledged some restrictions and limitations, but concluded those conditions would not preclude her from resuming full time sedentary work. Mr. Miller was retained to address the question of Ms. Aseltine's "fine manipulation for fingering." In January 2021, he concluded Ms. Aseltine was not physically precluded from performing the sedentary jobs of Tourist Information Assistant, Surveillance System Monitor or Information Clerk.

12. In January 2022, Ms. Aseltine's treating physician, Dr. Eric Wang, expressed the opinion that with all of her ongoing medical problems, medications and limitations, Ms. Aseltine was not capable of performing a full time job with reasonable continuity.

13. In February 2022, Ms. Aseltine timely appealed the termination of her LTD benefits. With her appeal, she submitted a Functional Capacity Evaluation which concluded that she was limited to "occasional" sitting with position changes every 15 minutes, "occasional" standing or walking (no more than 10 minutes

continuous) and "occasional" grasping or "fingering" (i.e. keyboarding, mousing or other repetitive hand activity). Her lifting capacity was 2 pounds while sedentary. Based on testing, the evaluator found that due to bilateral peripheral neuropathy, lymphedema, fatigue and trigger finger, Ms. Aseltine did not demonstrate the physical demands necessary for working an 8-hour day. The evaluator observed that Ms. Aseltine was "significantly limited in both fine and gross motor tasks due to limited strength, range of motion, and reports of pain, swelling, and numbness in both upper and lower extremities."

14. Ms. Aseltine also submitted a professional Occupational Analysis to Defendant. That Analysis concluded Ms. Aseltine was not a suitable candidate for any of the alternate occupations identified by Defendant; and further, that Ms. Aseltine was similarly precluded from performing any sedentary occupation. Those conclusions were based in part on the limited ability to use her hands and arms without pain and numbness, all confirmed by the Functional Capacity Evaluation, along with her medication side effects and impaired cognition.

15. In July 2022, Defendant dismissed the evidence of continuing disability submitted by Ms. Aseltine, and upheld its denial of continuing benefits beyond April 10, 2021.

16. Defendant, Lincoln, breached the Plan and violated ERISA in the following respects:

(a) Lincoln failed to pay LTD benefit payments to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

(b) Lincoln failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c) Lincoln failed to give fair and reasonable consideration to the evidence submitted by Plaintiff in support of her continuing disability;

(c) Lincoln failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary; and

(d) Lincoln failed overall to properly and adequately investigate the merits of Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's claim.

17. Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

18. As a proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

19. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

20. The wrongful conduct of Prudential has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the terms of the Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due to Plaintiff;

2. An order declaring that Plaintiff is entitled to an award of LTD benefits and benefits, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claims to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: August 23, 2022            KANTOR & KANTOR, LLP

                    By:   /s/ Alan Kassan
                          Alan Kassan
                          Attorneys for Plaintiff,
                          CYNTHIA ASELTINE